UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cr-00380-SRC-PLC |
| SONNY SAGGAR, M.D., and RENITA BARRINGER, | ) ) ) ) |
| Defendants. | ) ) |

**UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT
SAGGAR'S MOTION SEEKING PERMISSION TO TRAVEL TO ENGLAND**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Amy E. Sestric, Assistant United States Attorney for said District, and responds to Defendant Saggar's Motion Seeking Permission to Travel to England to See His 93 Year Old Mother (ECF No. 54):

On July 26, 2023, a federal grand jury charged defendants Sonny Saggar, M.D., and Renita Barringer (together, "Defendants") with one count of conspiracy (in violation of 18 U.S.C. § 371) and eight counts of making false statements related to health care matters (in violation of 18 U.S.C. §§ 1035 and 2). In Defendant Saggar's instant Motion to Travel, he makes his self-described "unusual" request to travel to a foreign country while under indictment and supervision by Pretrial Services. For reasons explained below, the Government respectfully asks the Court to deny Defendant Saggar's request.

**I.    Defendant Saggar Is a Substantial Flight Risk.**

Defendant Saggar has extensive familial ties to the United Kingdom, as well as dual citizenship of both the United Kingdom and the United States. His ties to the United States are

1

also quickly deteriorating. According to publicly available state records, Defendant Saggar is in the midst of a contentious divorce, and his soon-to-be ex-wife has accused him of selling and transferring marital assets. Additionally, Defendant Saggar is no longer employed in the various locum physician positions that he originally reported having to Pretrial Services (ECF No. 50 at 1), and he was granted permission to change his residence to a property owned not by himself, but by his sister. (*See* ECF Nos. 46, 48.) In short, it appears Defendant Saggar's familial, employment, and property ties to the United States have significantly diminished in recent months.

Moreover, in a September 2022 interview, Defendant Saggar informed an investigator with the Missouri Board of Registration for the Healing Arts ("MBHA")—the state agency responsible for the administration of physician licenses—that he was having family issues and was going to leave the country for London and did not know when or if he would return. And when federal law enforcement officers executed a search of his downtown urgent care on July 27, 2023, they found a letter on his desk from the MBHA requiring him to appear for a "closed meeting" in Jefferson City that day—the very same day on which Defendant Saggar was scheduled to fly from Detroit to London.

Defendant Saggar's statements and actions—as well as the fact that he has already twice violated the conditions of his bond in the first three months of supervision—demonstrate that he is a flight risk who should not be granted the "unusual" request to leave the country while under indictment. The undersigned counsel has conferred with Pretrial Services, which is opposed to Defendant Saggar's request to travel to England.

## II. The Court Should Decline Defendant Saggar's Invitation to Address Factual Disputes that Will Be Resolved by the Jury at Trial.

The majority of Defendant Saggar's Motion to Travel complains about the timing of discovery and lodges factual arguments that are within the province of the jury. As the United States stated in its Response to Defendants' Motion Regarding the Filing of Pretrial Motions (ECF No. 52), it has worked diligently to produce discovery to Defendants. Specifically, the United States has made five discovery productions, which are comprised of voluminous materials, including: documentation from the MBHA; Medicare and Medicaid enrollment documents and claims data; claims data from private insurance companies; travel records; copies of cellular telephones; data from Missouri's Prescription Drug Monitoring Program; and copies of various computers and other electronic devices seized during the search of the Defendants' downtown St. Louis urgent care clinic. There have been no "unjustified" delays in discovery; there is simply a high volume of materials being produced, including sizable electronic materials that were seized at the search of the clinic and that have required a considerable amount of time for computer processing.

Finally, the United States respectfully asks this Court to decline Defendant Saggar's request to utilize a motion to travel as a vehicle to address factual disputes that will be resolved by a jury. At trial, the Government will put on evidence to establish that, contrary to Defendant Saggar's arguments, Defendants Saggar and Barringer were responsible for the fraudulent claims for payment made to Medicare and Medicaid.

WHEREFORE, the United States respectfully asks the Court to deny Defendant Saggar's Motion Seeking Permission to Travel to England to See His 93 Year Old Mother (ECF No. 54).

Date:   October 27, 2023                    Respectfully submitted,

                                          SAYLER A. FLEMING
                                        United States Attorney


                                        */s/ Amy E. Sestric*
                                        AMY E. SESTRIC, #66219MO
                                        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all Counsel of Record.

                                           */s/ Amy E. Sestric*
                                           AMY E. SESTRIC, #66219MO
                                           Assistant United States Attorney