UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-CR-380 |
| SONNY SAGGAR, M.D., and RENITA BARRINGER, | ) |
| Defendants. | ) |

**DEFENDANTS' SECOND MOTION REGARDING THE FILING OF PRETRIAL MOTIONS**

Defendants have filed two pretrial motions already though discovery is far from complete and a new deadline for pretrial motions is now set on January 31, 2024. For one motion, the motion to dismiss for lack of jurisdiction, the Court has set a response date for the Government of November 9, 2023. Defendants seek a similar response date for the Government for Defendants' Motion to Strike Portions of The Indictment, Doc. 47, which was filed back on September 20, 2023.

Defendants' motion to strike is purely a legal argument requiring resolution of no factual issues whatsoever. Unlike most pretrial motions, it is a matter which can be addressed without oral argument.

The motion also addresses a key component of the allegations in the Indictment – whether Assistant Physicians were not properly trained. Were the Court to agree with Defendants and find the Indictment contains allegations about state regulations which in fact are null and void, such a finding would present a valid issue for other pretrial motions, i.e., did misinforming the Grand Jury regarding state requirements (unintentional or not) create "grave doubt that the decision to indict

was free from the substantial influence of such violations," *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988), thus supporting a motion to dismiss. Because a ruling on the pending motion to strike has direct bearing on the possible viability of a motion to dismiss, Defendants submit the matter should be addressed before the deadline for pretrial motions.[1] Waiting until the

---

[1] The issue of training Assistant Physicians is particularly important given other developments in the case. One of the key foundational allegations within the Indictment is critically wrong, thus greatly diminishing the breadth of any issue of wrongdoing in this case. Specifically, in Paragraph 2 of the Indictment, the grand jury alleges that the co-defendant, Ms. Barringer, was the office manager of SLGH, and "[a]s office manager of SLGH, Barringer's responsibilities included . . . billing." Then in Paragraph 35 and 36, the grand jury again claimed, "Barringer submitted all SLGH claims billed to [Medicaid and Medicare]."

In the Count I conspiracy, the Indictment alleges that Defendants conspired "to make false and fraudulent representations to Medicare and Medicaid regarding healthcare services provided at SLGH in order to make money and profit," Para 26, and that Defendants "caused Medicare to be billed for services . . as if they were provided by Dr. Saggar, when in fact those services were provided by APs." Then, in Counts 2 through 9, each alleges a false billing and having reincorporated previous paragraphs including 2, 35, and 36, thereby alleging the bills were submitted by Barringer. In other words, the entire Indictment revolves around false billings.

But, the Government got one fact terribly wrong. For all relevant times in the Indictment, Ms. Barringer had no responsibility for submitting bills to Medicare or Medicaid, or to anyone else for that matter. Rather, SLGH had long ago engaged an outside billing service to handle all of its billing, whether to governmental agencies or private insurance companies.

The Government missed the most critical fact related to any claim of false billings, i.e., who was the biller. Had the Government pursued this very critical fact, it would have easily discovered that the outside billing service, an owner-operator entity run by Jeff Donaldson, simply misunderstood the proper method of billing APs and Dr. Ali. As Mr. Donaldson has acknowledged to Dr. Saggar's counsel, Mr. Donaldson, without any bad intent, used an incorrect methodology to create the billings for work done by APs and Dr. Ali. We understand the Government has now become aware of these facts.

Mr. Donaldson was, and still is, a very conscientious billing provider who each day reviewed the electronic medical notes prepared by all the medical providers at SLGH. Those electronic medical records always indicated which provider saw the patient and provided the services (whether that be Saggar, Ali, or any of the APs). Without going into unneeded detail, Mr. Donaldson knew who the actual provided was for every bill which was submitted. However, he mistakenly believed the APs and Dr. Ali were allowed to be billed under Dr. Saggar's NPI. That decision was not made in consultation with anyone, but rather was arrived at based on his understanding of the Medicare and Medicaid regulations.

Regrettably, no federal agent or attorneys ever talked to Mr. Donaldson, Dr. Saggar or Ms. Barringer prior to obtaining its unannounced Indictment. Had such an inquiry been made, the Government could have learned that its belief that Ms. Barringer was submitting the billings for SLGH was simply wrong.

end of January 2024 runs the real risk of further delaying progress on allowing Defendants to have their day in court.

Wherefore, Defendants seek an order which sets an early deadline for the Government to file its response to Doc. 47.

Dated: November 1, 2023                    Respectfully submitted,

**DOWD BENNETT LLP**

By: */s/ James G. Martin*
James G. Martin  #33586 MO
James B. Martin  #70219 MO
7676 Forsyth Blvd., Suite 1900
St. Louis, MO  63105
314/889-7300 (Telephone)
314/863-2111 (Facsimile)
jmartin@dowdbennett.com

*Attorneys for Defendant Sonny Saggar, M.D.*

/s/ William J. Ekiss
William J. Ekiss (#47389)
5770 Mexico Rd., Ste A
St. Peters, MO 63376
Email: billekiss@lampinlaw.com

*Attorney for Defendant Renita Barringer*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 1, 2023, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

/s/James G. Martin