UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SONNY SAGGAR, M.D., and<br>RENITA BARRINGER,<br><br>Defendants. | ) | Case No. 4:23-CR-380 |

**DEFENDANT SAGGAR'S REQUEST FOR**
**DISCOVERY PROPOUNDED TO THE GOVERNMENT**

COME NOW Defendant Sonny Saggar, by and through undersigned counsel, and hereby requests that the United States provide certain discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure and existing case law. In support of his request, Defendant states as follows:

**Background and Legal Standard:**

1. Defendant hereby requests all favorable evidence, including all impeachment information, that is "material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Bagley*, 473 U.S. 667, 676-77 (1985) (*Brady* also requires the Government to disclose impeachment evidence); *See also* 18 U.S.C. § 3500. A prosecutor has a duty to "learn of any favorable evidence known to the others acting on the government's behalf in the case," and produce such information to the defendant. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

3. Furthermore, it is imperative that the Government disclose the requested information immediately in order to allow Defendant adequate time to prepare for trial. *See United States v. Ben M. Hogan Co.*, 769 F.2d 1293, 1300 (8th Cir. 1985) (disclosure "must be made before it is too late for the material to be put to any effective use").

4. In the Eastern District of Missouri, the law is clear that the Government is obligated in responding to requests for discovery to provide specific responses to each specific discovery request: "the Government must indicate if it objects as overbroad or vague, if responsive material is in its possession, if disclosure has previously been made, and if not, why it has not been disclosed." *See United States v. Carroll,* 4:21-cr-532 SEP-SRW, Doc. 53, January 4, 2022 at 11. *See also, United States v. Palmer*, 4:13-CR-388-RWS, Doc #57 (11/26/13); *United States. v. Peer*, 4:10-CR-255 CPD, Doc. #293. Therefore, for any information requested which the Government is refusing to provide, please indicate whether the information exists or not, and the reason for non-production if the information does exist.

5. For all requests, please provide all documents,[1] books, papers, photographs, tests or experiments, objects, statements of witnesses (written or oral), and other evidence and information (hereinafter referred to as "Information and Documents").

6. The request for "All Information and Documents" includes documents in any form including all written or graphic matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, in the actual or constructive possession, custody or control of the Government, including, but not limited to, letters, correspondence, memoranda, notes, files, transcripts, contracts, agreements, memoranda of telephone conversations or personal conversations, microfilm, telegrams, books, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, interoffice communications, financial statements, books of account, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies,

[1] The term "document" as used herein, either in singular or plural, refers to data in both hard copy and electronic format.

visual or audio tapes, recordings, electronic mail, electronic data, electronic messaging and materials similar to any of the foregoing, however denominated by plaintiff, and including writings, drawings, graphs, charts and photographs. If a document has been prepared in several copies which are not identical, or if the original identical copies are no longer identical by reason of subsequent notation or other modification of any kind whatsoever, including, but not limited to, notations on the backs of pages thereto, each non-identical copy is a separate document. "Document" shall also include any data compilation from which information can be obtained or translated by you through detection devices into reasonably usable form, emails, text messages, and all social media postings, messages, communications, photos, or other entries on sites such as Facebook, Twitter, LinkedIn, Foursquare, Gowalla, Google +, Hotlist, Bebo, and/or Flickr, coupled with any other similar electronically hosted social media sites where members/users post, share, and/or exchange information or otherwise communicate.

7. "Information" includes knowledge of any sort whether documented or not.

8. "Witness" as used in these requests include all individuals whom the Government has interviewed, whether they are being considered to be called to testify at trial or not.

**Rule 16 Discovery Requests**:

1. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and applicable case law, Defendant requests production of the following documents and information in the possession of the Government:

a. Any and all written and/or recorded statements made by any defendant within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government; the substance of any oral statements that the government intends to offer in evidence at trial made by Defendants in response

to interrogation by any person then known to be a government agent, including any statements made either before or after arrest, whether or not preserved by the government in any form. This includes, but is not limited to, summaries of oral statements and rough notes of any such statements by Defendants.

b. The substance of any oral statements made by Defendants or any alleged co-conspirator, that the government intends to offer into evidence, and any statement intended to be introduced as a co-conspirator statement.

c. The prior criminal record, if any, of any defendant.

d. Any and all books, papers, documents, photographs, videotapes, and other tangible objects that are within the possession, custody or control of the government that are intended for use by the government as evidence in its case-in-chief at trial.

e. Any and all books, papers, documents, photographs, videotapes and other tangible objects that are within the possession, custody or control of the government (as defined above) that are material to the preparation of the defense, including, but not limited to:

(1) copies of any transcripts of deposition testimony of any witness or defendant in this case. This material is particularly relevant to preparation of the defense and the Government's obligation to disclose *Brady* materials in that statement under oath are highly relevant to the witness's state of mind in dealing with the government. This includes depositions taken by any state or federal government agency, including depositions in the possession, custody, or control of the Government;

(2) copies of any statements made by any witness or defendant to any state or federal governmental body or agency;

(3) any post-arrest statement made by an alleged co-conspirator or government witness, whether or not the government intends to offer the same at trial;

(4) any pre-arrest statement made by an alleged co-conspirator or government witness, whether or not the government intends to offer the same at trial;

(5) any person the government intends to call to offer expert or opinion testimony on any matter covered by Federal Rule of Evidence 702 or 701, including, but not

limited to, the name, address, and a description of the testimony of each such witness;

(6) the curriculum vitae or resume, including a publication list, for each expert you may ask to testify at trial;

(7) all documents containing the partial or complete, preliminary or final opinions or conclusions of any expert witness whether you intend to rely at trial or not on that witness;

(8) all documents and tangible things, including all reports, models, data compilations, and other material prepared by your expert witness or for your expert witness in anticipation of the expert's trial and deposition testimony in this case;

(9) all documents and tangible things, including all reports, models, data compilations, and other material prepared by your expert witness or for your expert witness in anticipation of the expert's trial and deposition testimony in this case;

(10) any and all published treatises, articles, periodicals, or pamphlets upon which you or your expert witness will rely at the trial of this case or to support any opinions of the expert witnesses;

(11) any tape recording, electronic surveillance, or interception of any kind in connection with this matter, whether by the government or any other party, and for each such recording, surveillance or interception, identify the person making any such recording or conducting any such surveillance, identify the type of surveillance, the equipment used and the authority for each such recording or surveillance, provide copies of all applications, affidavits, court orders, extensions thereof, periodic reports and surveillance logs, if said surveillance was court ordered;

(12) any "mail cover", "pen register", or any other similar interception or intrusion, including the date, time, place, and a description of each such interception or intrusion and any and all documents related to or reflecting any information derived therefrom;

(13) any and all evidence of "similar acts" or other evidence that the government intends to introduce against any of the defendants under Rule 404(b) of the Federal Rules of Evidence, including but not limited to, the date, location, and nature of each such act, the defendant that allegedly committed each such act, and the proper purpose on which the government intends to support admission of such evidence under Rule 404(b);

(14) any and all documents provided by the Government (including letters containing descriptions of a witnesses' status) to any person having knowledge of any fact alleged in the indictment;

(15) Provide copies of charts, graphs, blow-ups or other visual depictions intended for use as explanatory material at trial;

(16) All summaries and charts intended for use at trial pursuant to Rule 1006, Fed. R. Evid.;

(17) Any and all instructions given to the grand jury;

(18) Any and all exculpatory evidence presented to the grand jury;

(19) The name(s) and address(es) of all witnesses the government intends to call at trial, and in connection therewith, set forth the following:

(a) The witness' prior criminal record including arrests and convictions.

(b) Any and all letters, memoranda, agreements, stipulations or transcripts concerning any form of immunity granted, or promises made, to any such witness by the government. If oral, provide a memorandum of any such promise or understanding.

(c) Any and all reports, memoranda and correspondence by and/or between any witness and any law enforcement agency, or employees thereof, which might reasonably reflect on the witness' motive for testifying or cooperating with the government.

(d) Any and all investigations into, or prosecutions of, any witness' conduct which might reasonably provide a motive for the witness' cooperation.

(e) Any and all agreements, memoranda, and/or transcripts relating to a lesser plea for any offense, withdrawal of an indictment, or promise of assistance or leniency.

(20) State whether the Government intends to introduce any statements pursuant to Rule 801(d)(2)(E), Fed. R. Evid. If so, pursuant to Rule 806, Fed. R. Evid., provide all impeachment material in the Government's possession related to any out-of-court declarant whose statements the Government will seek to utilize.

(21) State the names and addresses and a description of testimony of any person the Government might call to offer expert or opinion testimony on any matter covered by FRE 702 or 701.

**Specific *Brady* Discovery Requests**

1. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and their progeny, and the United States Attorney's Manual § 9-5.001, the

Government is requested to produce any evidence in its possession, custody or control which may tend to exculpate any of the Defendants, which may be of value to the preparation of their defense, or which may impeach any testimony of any anticipated Government witness. Pursuant to the mandates of the United States Attorney's Manual § 9- 5.001, unlike the requirements of *Brady* and its progeny, which focus on evidence, these discovery requests apply to information regardless of whether the information subject to disclosure would itself constitute admissible evidence. Additionally, while items of information viewed in isolation may not reasonably be seen as meeting the standards outlined above, several items together can have such an effect. If this is the case, all such items are requested. For any information requested which the Government is refusing to provide, please indicate whether the information exists or not, and the reason for non-production if the information does exist.

This request for all favorable evidence includes, but is not limited to the following:

(a) All Information and Documents identifying Assistant Physicians who indicated they were properly trained pursuant to State law.

(b) All Information and Documents suggesting that any prior statement or the testimony of any prospective government witness is inconsistent with or contradicted by the testimony or statement of that witness or any other person or witness or inconsistent with or contradicted by any document.

(c) All Information and Documents suggesting that any prospective government witness has ever made a false, inaccurate, contradictory or inconstant statement with regard to the investigation or the facts underlying the Indictment.

(d) All Information and Documents suggesting that any prospective government witness has a bias or motive to fabricate testimony or evidence in this matter.

(e) All Information and Documents suggesting that Assistant Physicians all input their names into the medical records when they saw the patient.

(f) All Information and Documents relating to cooperation or plea agreements between the government and any government witness or entity, including, any and all communications intended for the employees (to them or their attorney).

(g) All Information and Documents relating to any threats or suggestions made by anyone to any potential witness or entity regarding cooperation with the government, including, any and all communications intended for the employees (to them or their attorney).

(h) All Information and Documents relating to immunity agreements or discussions with any person or entity relevant to the investigation or facts underlying the Indictment.

(i) All Information and Documents relating to any express or implicit promise, understanding, assurance or agreement between any government agent or attorney on the one hand and any person or entity relevant to the investigation or facts underlying the Indictment.

(j) All Information and Documents relating to potential prosecution of any prospective government witness or entity.

(k) For in-camera review by the District Court, the personnel file of all law enforcement witnesses who the prosecution intends to call at trial.

(l) All correspondence and emails between and among government officials that include impeachment information or exculpatory information.

(m) All Information and Documents reflecting that anyone provided information that Retina Barringer submitted SLGH claims billed to Medicare or Medicaid, including Information and Documents relating to who told such to the grand jury.

(n) All Information and Documents reflecting that Dr. Ali did not inform Sonny Saggar that his Medicaid billing privileges had been suspended.

(o) All Information and Documents reflecting that the agencies within the State of Missouri knew prior to the Indictment that SLGH's Creve Coeur location was not technically a "medically underserved rural or urban area."

(p) All Information and Documents reflecting that the agencies within the State of Missouri after learning that SLGH's Creve Coeur location was not technically a "medically underserved rural or urban area" took no adverse action.

(q) All Information and Documents reflecting that the any agency within the State of Missouri after learning that SLGH's Creve Coeur location was not technically a "medically underserved rural or urban area" informed Dr. Saggar not to shut the facility down.

(r) All Information and Documents identifying or relating to any Collaborating Practice physicians who indicated they properly trained Assistant Physicians pursuant to State law.

Dated: November 7, 2023

Respectfully submitted,

**DOWD BENNETT LLP**

By: */s/ James G. Martin*
James G. Martin #33586MO
James B. Martin #70219MO
7676 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)
jmartin@dowdbennett.com
jbmartin@dowdbennett.com

*Attorneys for Defendant Sonny Saggar*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2023 the foregoing was filed using the CM/ECF system, which will automatically provide notice to all attorneys of record by electronic means.

*/s/ James G. Martin*