UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23 CR 380 SRC (PLC) |
| SONNY SAGGAR, M.D., | ) ) ) |
| Defendant. | ) |

### ORDER GRANTING MOTION TO TRAVEL

Currently pending before the undersigned is Defendant Saggar's Motion Seeking Permission to Travel to England to See His 93 Year Old Mother. [ECF No. 54; hereinafter "Motion to Travel"] The government opposes the Motion to Travel. Pretrial Services also opposes the Motion to Travel. Defendant's Motion to Travel is granted, subject to certain conditions outlined below. The undersigned will defer the bond execution hearing at least seven (7) days to permit the government to seek review of this Order by a United States District Judge.

Defendant, a physician, is charged with health care fraud. On July 27, 2023, Defendant appeared before the undersigned for his initial appearance and a bond execution hearing. Defendant was represented by James Martin and the government was represented by AUSA Amy Sestric. Defendant was released on an unsecured bond subject to a variety of conditions. Defendant enjoys dual citizenship with the United Kingdom and the United States.[1] Defendant surrendered both his United Kingdom and United States passports when he was released on July 27, 2023.

In his Motion to Travel, Defendant represents that his mother is 93 years old and resides in England. Defendant would like to travel to England to visit his elderly mother. Defendant represents that, prior to his arrest in this matter, he frequently traveled to visit his mother. Understanding the

---

[1] According to the Bail Report [ECF No. 26], Defendant was born in India, but his family immigrated to England shortly thereafter. Defendant immigrated to the United States in 1997 and became a United States citizen in 2006.

extraordinary nature of this request, Defendant proffered as security a property located at 217 North 10th St., St. Louis MO. The property is reportedly worth more than $1M. For convenience, the property at 217 North 10th St. is referred to herein as "the Security." The Security is owned by a Delaware corporation referred to by the parties as Emergency Physician Consultants, Inc. ("EPCI") and is controlled by Defendant's sister who also lives in England.

On November 18, 2023, the government filed a response to Defendant's Motion to Travel which called into question the availability of the Security. On November 20, 2023, the undersigned held a hearing on the Motion to Travel. At that hearing, the parties expressed considerable disagreement over the status of the Security. Defendant is in the midst of a contested divorce and the Security is tied up in that matter. Accordingly, the undersigned continued the hearing until December 4, 2023, so that Defendant could clarify the status of the Security.

On November 30, 2023, Defendant filed a response to the government's concerns and allegations regarding the status of the Security. [ECF No. 71] In that response, Defendant provided a copy of a Judgment/Order from the Circuit Court of St. Louis County, MO, Division 34, which is presiding over the divorce proceedings between Defendant and his wife. [See ECF No. 71-5] The Judgment/Order indicates, in substance, that if our Court deems it appropriate, the Security may be pledged in support of an order permitting Defendant to travel to England. The Judgment/Order also reflects that Defendant's sister pledged other real property to the benefit of Defendant's wife to ensure Defendant's return from England. [See ECF Nos. 71 at 2 and 71-5]

On December 4, 2023, the undersigned resumed the hearing on Defendant's Motion to Travel. The government expressed its continuing concerns with allowing Defendant to leave the United States. The government noted that one of Defendant's children lives in England and expressed other reasons why Defendant may choose to stay in England rather than returning to face the pending charges. The government also represented that the Judgment/Order permitting the use of the Security resulted from a contested hearing, and that Defendant's wife consented to the use of the Security because Defendant's son reportedly called and pressured her.

At the December 4th hearing, the undersigned inquired into the logistics of formally pledging the Security for Defendant's bond if he is permitted to travel. Andrew Williams, a lawyer from the Carmody McDonald firm, was present at the hearing. Mr. Williams represented that he represents EPCI, the owner of the Security, and he has authority to pledge the Security as surety for Defendant's bond if Defendant is permitted to travel.

Based on the entire record before the Court, the undersigned orders that Defendant's existing conditions of release be modified to permit Defendant to travel to England to visit his elderly mother, on a date certain and for a limited duration. There is no reason whatsoever to believe that Defendant poses a danger to any person or to society in general. The government's concern is that Defendant will not return and will be outside of the supervision of Pretrial Services while he is in England. The undersigned finds that the government's concern can be reasonably addressed with the security pledged and the likelihood of extradition and additional prosecution should Defendant betray the Court's trust.

Defendant has had no significant issues while on pretrial release. The government has not demonstrated that the Security is illusory or would be beyond the reach of the Court should Defendant not return. To the contrary, Mr. Williams, an attorney and officer of the court, represented that he has the authority to pledge the Security as part of Defendant's bond. In addition to the Security, Defendant has substantial and continuing ties to the United States and the Eastern District of Missouri. Although one of Defendant's older children is presently in England, his other two children reside in the Eastern District of Missouri. Defendant is a United States citizen, and he has resided in the United States for approximately 25 years. Defendant has traveled to England frequently in the past and he has returned to the United States. The government concedes that Defendant would be subject to extradition from England if he fails to return as required. Furthermore, if Defendant fails to return, the government can use other means, such as an Interpol Red Notice that would greatly restrict, if not eliminate, Defendant's ability to travel outside of England thus increasing the likelihood of a successful extradition.

Following the December 4th hearing, Senior Pretrial Services Officer Stephens asked that Defendant be provided only with his United States passport for travel. The undersigned believes that would provide some additional security.

In summary, the undersigned recognizes the unique circumstance of this Order. While there can be no guarantee that Defendant will return as promised, there is little benefit to him if he fails to keep his promise. A valuable property would be subject to forfeiture, Defendant would be subject to extradition from a close ally of the United States, and Defendant would likely face additional charges and consequences upon his return. Permitting Defendant, who has performed satisfactorily on pretrial release to date, the opportunity to visit his elderly mother is just and appropriate given all of the circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Saggar's Motion Seeking Permission to Travel to England to See His 93 Year Old Mother [ECF No. 54] is GRANTED; however, **this ORDER shall be stayed until December 11, 2023, to permit the government the opportunity to seek further review by a United States District Judge**. If the government seeks such review, this ORDER shall remain stayed pending a decision from any reviewing United States District Judge.

**IT IS FURTHER ORDERED** that a Bond Execution Hearing will be set by further order of the Court if either: (1) the government elects not to seek review by December 11, 2023; or (2) this ORDER is sustained upon review by a United States District Judge.

JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this  4th   day of  December , 2023.