UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:23-CR-00380-SRC-PLC |
| | ) | |
| v. | ) | |
| | ) | |
| SONNY SAGGAR, M.D., and | ) | |
| RENITA BARRINGER, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES OF AMERICA'S
RESPONSE TO DEFENDANTS' OBJECTIONS TO THE
MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING MOTION
TO DISMISS INDICTMENT BASED ON THE COURT'S LACK OF JURISDICTION**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Amy E. Sestric and Cort A. VanOstran, Assistant United States Attorneys for said District, and responds to Defendants' Objections to the Magistrate's Report and Recommendation Regarding Motion to Dismiss Indictment Based on the Court's Lack of Jurisdiction (ECF No. 84):

**I.    Defendants Fail to Provide Any Basis in Law for Overturning Supreme Court Precedent Upholding the Probable Cause Standard for the Return of an Indictment.**

The United States will not reiterate the arguments it has made in the Court below in opposition to the remedy of dismissal for lack of jurisdiction, a remedy which is wholly without legal precedent on the basis articulated by Defendants Sonny Saggar, M.D., and Renita Barringer (together, Defendants), namely, that the Grand Jury was improperly instructed as to the probable cause standard.  Defendants continue to contend that the Supreme Court has not in fact held that probable cause is the legal standard of proof necessary to return an Indictment.  In so contending, Defendants cannot overcome the fact that, as the Magistrate Judge recognized in the Report and

Recommendation, the Supreme Court itself has repeatedly described the standard for the return of grand jury indictments as probable cause.  (*See* Report & Recommendation, ECF No. 80, at 12 (citing, *inter alia*, *Kaley v. United States*, 571 U.S. 320, 328 (2014) ("This Court has often recognized the grand jury's singular role in finding the probable cause necessary to initiate a prosecution for a serious crime.")).)  Indeed, the Supreme Court has referred to its previous decisions articulating the probable cause standard for grand jury indictments as a holding.  *See Gerstein v. Pugh*, 420 U.S. 103, 118 n.19 (1975) ("the Court **has held that** an indictment, fair upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause" (internal quotations and citations omitted) (emphasis added)).  As the Magistrate Judge properly concluded, "this Court is bound by the Supreme Court's holding that a grand jury may issue an indictment only upon a finding of probable cause."  (Report & Recommendation, ECF No. 80, at 15.)

Defendants invoke their interpretation of the William Blackstone standard as something higher than probable cause, and urge this Court that this purportedly "higher" standard of proof should apply, consistent with the intent of the Founding Fathers.  (Defs.' Objs. to the Magistrate's Report & Recommendation Regarding Mot. to Dismiss Indictment Based on the Court's Lack of Jurisdiction ("Defs.' Objs."), ECF No. 84, at 4–5).  However, Defendants ignore the Supreme Court's express acknowledgment and interpretation of Blackstone's standard not as one higher than probable cause, but as synonymous with probable cause.

Defendants erroneously characterize the reasoning of the Supreme Court in *Beavers v. Henkel*, as "simply assum[ing] the probable cause standard without any discussion at all, notwithstanding that Blackstone articulated a standard higher than probable cause . . . ."  (Defs.'

2

Objs., ECF No. 84, at 5).  To the contrary, in *Beavers v. Henkel*, the Supreme Court, in recognizing the probable cause standard for indictment, expressly quoted and discussed William Blackstone's charge (vol. 4, p. 303), citing him as follows:

> 'This grand jury are previously instructed in the articles of their inquiry, by a charge from the judge who presides upon the bench. They then withdraw, to sit and receive indictments, which are preferred to them in the name of the King, but at the suit of any private prosecutor; and they are only to hear evidence on behalf of the prosecution; for the finding of an indictment is only in the nature of an inquiry or accusation, which is afterwards to be tried and determined; and the grand jury are only to inquire, upon their oaths, whether there be sufficient cause to call upon the party to answer it. A grand jury, however, ought to be thoroughly persuaded of the truth of an indictment, so far as their evidence goes; and not to rest satisfied merely with remote probabilities: a doctrine that might be applied to very oppressive purposes.'

194 U.S. 73, 84–85 (1904).  The Supreme Court went on to explain this admonition by Blackstone that a grand jury "ought to be thoroughly persuaded of the truth of an indictment . . . and not rest satisfied with remote probabilities" as articulating the very probable cause standard on which grand juries are today instructed.  In explaining Blackstone's reasoning, the Supreme Court stated that "[t]he thought is that no one shall be subjected to the burden and expense of a trial until there has been a prior inquiry and adjudication by a responsible tribunal *that there is probable cause to believe him guilty*." *Id.* (emphasis added.)  What is clear from the Supreme Court's interpretation of the quoted Blackstone passage is that Blackstone was concerned by a standard of proof *lower* than probable cause—one in which an indictment could be returned resting only on "*remote probabilities*," rather than on a finding of probable cause.[1]

---

[1] The Grand Jury Handbook cited by Defendants (Defs.' Objs., ECF No. 84, at 2 n.2) instructs on the probable cause standard as follows: "The finding necessary in order to return an indictment against a person accused of a federal crime.  A finding of probable cause is proper only when the evidence presented to the grand jury, without any explanation being offered by the accused, persuades 12 or more grand jurors that a federal crime has probably been committed by the person

Defendants repeatedly cite the Court to the interpretation of Blackstone's standard by secondary sources, without acknowledging that the Supreme Court itself has characterized Blackstone's standard as one of probable cause. In short, the law has already done what Defendants urge—adopted the standard of proof urged by William Blackstone, which is one of a probable cause finding by a grand jury. In sum, Defendants' newest challenge to the validity of the Superseding Indictment is baseless. The grand jury was properly instructed on the probable cause standard in accordance with binding Supreme Court precedent and the centuries-old tradition of this country. The law would have accepted nothing less and it required nothing more. Defendants' motion to dismiss should therefore be denied.

**II.     Conclusion**

For all of the foregoing reasons, the United States respectfully requests that the Court adopt the Report and Recommendation of the United States Magistrate Judge and **DENY** Defendants' Motion to Dismiss for Lack of Jurisdiction.

Date:   January 16, 2024                    Respectfully submitted,

                                            SAYLER A. FLEMING
                                            United States Attorney


                                            */s/ Amy E. Sestric*
                                            AMY E. SESTRIC, #66219MO
                                            CORT A. VANOSTRAN, #67276MO
                                            Assistant United States Attorneys

---

accused." Significantly, nowhere in that instruction are the grand jurors told that if they believe there is a "remote probability" that the accused has committed a crime, they must vote to return the Indictment. William Blackstone's fears about that lower standard of proof are answered by the instruction with a burden higher than "remote probability."

## CERTIFICATE OF SERVICE

    I hereby certify that on January 16, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all Counsel of Record.

                              */s/ Amy E. Sestric*
                              AMY E. SESTRIC, #66219MO
                              Assistant United States Attorney