UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 23-CR-00380-SRC-PLC ) |
| SONNY SAGGAR, M.D., | ) ) ) |
| Defendant. | ) |

## **DEFENDANT'S MOTION TO MODIFY CONDITIONS OF BOND**

COMES NOW Defendant, Sonny Saggar, M.D., through undersigned counsel, and moves to modify his conditions of bond. In support of this motion, Defendant states as follows:

1. On July 27, 2023, Defendant was ordered a curfew and restricted to his residence as directed by the pretrial services office or supervising officer as outlined in Section 7(p)(i) of the Order Setting Conditions of Release (DOC 11) and ordered to be placed on location monitoring technology as directed by the pretrial services or supervising officer as outlined in Section 7(q)(i) of the Order Setting Conditions of Release (DOC 11).

2. The pretrial services office initially set a curfew from 8:00 a.m. to 5:00 p.m. for Defendant.

3. Beginning January 8, 2023, the pretrial services office adjusted Defendant's curfew to a time frame of 7:00 a.m. to 7:00 p.m. on weekdays.

4. With respect to location monitoring, the pretrial services office has directed that Defendant be monitored by means of an ankle bracelet.

5. Defendant Saggar is a practicing medical doctor and is currently employed at an

1

urgent care facility.

6. The location monitoring device Defendant has been directed to wear by the pretrial services office is bulky, visible, and readily apparent to observers meeting with Defendant Saggar, including his medical patients.

7. The location monitoring device has thereby led to Defendant's medical patients asking questions about the device and interferes with his ability to communicate effectively with his patients about their medical care.

8. Defendant Saggar's current hours of employment at the urgent care facility are 10:00 a.m. to 6:00 p.m.

9. Defendant Saggar shares custody of his children with his ex-wife and is responsible for picking them up and dropping them off at school and at his ex-wife's home in a shared schedule with his ex-wife.

10. His pick-up responsibilities regularly require him to pick up his children after his workday ends at 6:00 p.m.

11. Defendant's ex-wife resides in Wildwood, Missouri and he resides in the city of St. Louis.

12. The current curfew hours result in it being impossible for Defendant to leave his place of employment, pick his children up at their school and to drop them off where they need to be dropped off within the narrowly allotted time frames.

13. 18 U.S.C. § 3142(c)(3) provides authority for the amendment of conditions of release. *Id*. ("The judicial officer may at any time amend the order to impose additional or different conditions of release.") *See also United States v. Hutchins*, 298 F. Supp. 3d 1205 (E.D.

Wis. 2017) (affirming order modifying the conditions of pretrial release for UK citizen defendant, removing curfew and global positioning system (GPS) monitoring).

14. Once it is determined that pretrial detention is not necessary, as has been determined here, "the operative inquiry becomes what are the *least restrictive* conditions that will *reasonably assure* the defendant's appearance. *United States v. Hutchins*, 298 F. Supp. 3d 1205, 1207–08 (E.D. Wis. 2017) (emphasis in original). *See also United States v. Orta*, 760 F.2d 887, 889 (8th Cir. 1985) (en banc) ("the district court erred in interpreting the 'reasonably assure' standard set forth in the statute as a requirement that release conditions 'guarantee' community safety and the defendant's appearance. Such an interpretation contradicts both the framework and the intent of the pretrial release and detention provision of the 1984 Act.")

15. "Bail conditions are unconstitutionally excessive if they impose restraints that are more than necessary to achieve the government's interest" of preventing risk of flight and of danger to society. *United States v. Polouizzi*, 697 F. Supp. 2d 381, 390 (E.D.N.Y. 2010) (holding that provision of Adam Walsh Amendments mandating curfew with electronic monitoring for pretrial release of certain defendants violated procedural due process and Excessive Bail Clause as applied to defendant in that case).

16. "Although pretrial detention may, in certain cases, serve a legitimate government purpose, the detention or conditions of release imposed cannot be excessive in relation to the purpose." *United States v. Merritt*, 612 F. Supp. 2d 1074, 1078 (D. Neb. 2009), supplemented, 4:09 CR 3009, 2009 WL 1543306 (D. Neb. May 29, 2009).

17. "A curfew with electronic monitoring restricts the defendant's ability to move about at will and implicates a liberty interest protected under the Due Process Clause." *Id.* at

1079 (finding that "imposing a curfew and electronic monitoring as release conditions will not serve to 'reasonably assure' defendant Merritt's appearance at trial or protect other persons or the community, the standard set forth in the Bail Reform Act."

18. As the district court in *Polouizzi* recognized, "[r]equired wearing of an electronic bracelet, every minute of every day, with the government capable of tracking a person not yet convicted as if he were a feral animal would be considered a serious limitation on freedom by most liberty-loving Americans." *Id*.

19. It has been observed that a curfew "is most often used to control the behavior of defendants who might commit crimes at night." *Hutchins*, 298 F. Supp. 3d at 1207.

20. The Indictment in this case charges Defendant with making false statements in connection with medical billing based on alleged submission of charges for work of assistant physicians under an incorrect billing category.

21. This alleged criminal conduct is not the type of conduct that a curfew will reasonably impact, nor is restriction on Defendant's freedom of motion at night reasonably calculated to protect the community.

22. Defendant's co-defendant, who is charged with the same criminal conduct, does not face the same restrictions on her movement.

23. Defendant has had no significant issues while on pretrial release, despite the restrictive nature of his current bond conditions.

24. Defendant is a United States citizen (as well as a U.K. citizen), is employed in the St. Louis area, where his school-age children live, has lived in the St. Louis area for more than 20 years, and has significant ties to the area.

4

25.	Defendant has recently retained new counsel following his former counsel's retirement, in spite of the likelihood of delay in his case proceeding to trial, demonstrating his intention and resolve to litigate this matter, which stands in stark contrast to any speculation as to a flight risk, one that would carry enormous negative legal and practical consequences to Defendant.

26.	Defendant respectfully requests that his conditions of release be amended to remove the conditions of a curfew and location monitoring, as these conditions are more restrictive than is needed to reasonably assure Defendant's appearance at trial or to protect other persons or the community and are therefore excessive.

27.	In the alternative, Defendant respectfully requests that his curfew be extended to the hours of 6:00 a.m. to 9:00 p.m. and that he be assigned to participate in a less visible form of location monitoring.

28.	Defendant's counsel has discussed this matter with Defendant's pretrial service officer, Katie Stevens, and has requested a less restrictive curfew and a less obtrusive form of location monitoring. Ms. Stevens has indicated that pretrial services will not agree to less restrictive alternatives on both points.

29.	Defendant's counsel has discussed this matter with counsel for the Government, Assistant U.S. Attorney Amy E. Sestric, who objects to the requests made in this motion.

30.	The Court has previously granted Defendant Saggar's motion to visit his mother in the United Kingdom, a decision that the Government has appealed.

31.	In the context of that motion and the ample evidence presented in that proceeding, the Court recognized the following:

> Defendant is a United States citizen, and he has resided in the United States for approximately 25 years. Defendant has traveled to England frequently in the past and he has returned to the United States. The government concedes that Defendant would be subject to extradition from England if he fails to return as required. Furthermore, if Defendant fails to return, the government can use other means, such as an Interpol Red Notice that would greatly restrict, if not eliminate, Defendant's ability to travel outside of England thus increasing the likelihood of a successful extradition.
>
> . . .
>
> …there is little benefit to him if he fails to keep his promise. A valuable property would be subject to forfeiture, Defendant would be subject to extradition from a close ally of the United States, and Defendant would likely face additional charges and consequences upon his return.

(Doc. 74, at 3-4).

32.     Defendant submits that he does not pose a flight risk and that curfew and location monitoring are, moreover, unnecessary to reasonably assure Defendant's appearance at trial or protect other persons or the community here.

33.     Alternatively, the interests these conditions serve can be accomplished through less restrictive means.

WHEREFORE Defendant, Sonny Saggar, M.D., respectfully requests this Court to modify his conditions of bond by removing the requirement of a curfew and location monitoring and grant any further relief the court deems just under the circumstances.

Dated: January 23, 2024          Respectfully submitted,

ROGERS SEVASTIANOS & BANTE, LLP

By:    /s/ *John P. Rogers*
       JOHN P. ROGERS, #38743MO
       Attorney for Defendant
       120 S. Central Avenue, Suite 160
       Clayton, Missouri 63105
       (314) 354-8484/Facsimile (314) 354-8271
       Email:  jrogers@rsblawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 23-CR-00380-SRC-PLC |
| | ) |
| SONNY SAGGAR, M.D., | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2024, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Amy E. Sestric, assistant United States attorney.

**Defendant's Motion to Modify Conditions of Bond**

ROGERS SEVASTIANOS & BANTE, LLP

By:   /s/   *John P. Rogers*
JOHN P. ROGERS, #38743MO
Attorney for Defendant
120 S. Central Avenue, Suite 160
Clayton, Missouri 63105
(314) 354-8484/Facsimile (314) 354-8271
Email:   jrogers@rsblawfirm.com

8