UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23 CR 380 SRC (PLC) |
| SONNY SAGGAR, | ) |
| Defendant. | ) |

## ORDER MODIFYING CONDITIONS OF RELEASE

Currently before the Court is Defendant Sonny Saggar's Motion to Modify Conditions of Bond. [ECF No. 95] The government opposes the motion. [ECF No. 106] Pretrial Services opposes the requested modifications. The motion has been referred to the undersigned for decision.

Saggar is a medical doctor and charged with health care fraud. Saggar has been on bond since late July 2023. Saggar has dual citizenship of the United Kingdom and the United States. Saggar has been on location monitoring with a curfew component since his release. In his motion, Saggar asks the Court to remove the curfew and location monitoring conditions of his release. In his motion, Saggar outlines several reasons why the Court should relax his conditions of release. The government opposes the motion, contending that Saggar remains a flight risk and taking issue with some of the factual underpinnings alleged in Saggar's motion.

On February 5, 2024, the undersigned held a hearing on the motion. Defendant was present with his attorney John Rodgers. The government was represented by AUSAs Amy Sestric and Cort VanOstran. Senior U.S. Pretrial Services Officer Katherine Stephens was present as well.

At the hearing, Saggar's counsel acknowledged that one of the factual allegations in his motion was incorrect—Saggar has not been involved in picking up/dropping off his children at school. Saggar maintains, however, that he is not a significant flight risk. Saggar recounted that he was scheduled to leave the United States for England when he learned of the charges against him, and he voluntarily appeared to meet with the U.S. Marshals Service to be arrested. Defendant also noted that his has no criminal history, is a licensed physician in Missouri, he has been a United States citizen since 2006, and two of his children live in this District. Defendant acknowledged that he is in the midst of a contentious divorce. Defendant also maintains that our Court has already found he poses no danger to the community. Finally, Defendant noted that he has been on bond for about six months without any serious issues. At a minimum, Defendant would like the Court to eliminate the curfew condition.

The government took no position regarding curfew except to note that Pretrial Services is against removing the curfew component. The government contends that there are no facts to justify an adjustment or removal of the curfew component. The government is adamantly opposed to removing the location monitoring condition. The government alluded to potential controlled substance charges in the future.

Pretrial Services is against modifying Saggar's conditions of release, but could not articulate any reason how curfew addressed any substantial concerns for a risk of flight that would not also be addressed by location monitoring. Pretrial agreed that there were no serious concerns for safety to the public with regard to Saggar's continued release.

The undersigned concludes that the most pressing concern regarding Saggar's release flows from his dual citizenship status. But he has been largely compliant while on release and his violations have been relatively minor and infrequent, especially when compared to many other defendants on location monitoring.

The undersigned finds that neither the government nor Pretrial Services has articulated any substantial value added, or substantial risk mitigated, by continuing the curfew component of Saggar's conditions of release.  While the government contends that Saggar has not identified facts that warrant an adjustment, that position arguably places the emphasis in the wrong place. The Court's focus is on the least restrictive means of reasonably ensuring a defendant's appearance for court proceedings and the safety of the community.  Simply stated, neither the government nor Pretrial Services has identified anything meaningful that would be gained by continuing the curfew component.

Accordingly,

**IT IS HEREBY ORDERED** that, Defendant Sonny Saggar's Motion to Modify Conditions of Bond [ECF No. 95] is GRANTED IN PART and DENIED IN PART.  Saggar's conditions of release are hereby modified to remove the curfew requirement only; Saggar's location monitoring condition, and all other conditions or release, remain in effect.

JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this **6th day of February, 2024**.